WESLEY PIERCE V. THE STATE.

No. 11675.   Delivered April 11, 1928.

**Assault to Rape—Evidence—Held Insufficient.**

The authorities in this state are one way to the effect that in order to convict the defendant on a charge of assault to rape, the evidence should not only show an assault, but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so, notwithstanding any resistance on her part. Failing to meet this measure of proof this cause must be reversed and remanded. See Vinsen v. State, 277 S. W. 644.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for an assault with the intent to rape, penalty twenty years in the penitentiary.

The opinion states the case.

*J. G. Minkert* of Bryan and *Lamar Bethea,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

On measure of proof necessary in assault to rape, appellant cites: Cromeans v. State, 59 Tex. Crim. Rep. 611; Stoker v. State, 244 S. W. 444.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape, the punishment confinement in the penitentiary for twenty years.

Appellant challenges the sufficiency of the evidence. The state's testimony showed that prosecutrix, Sanaida Ovalle, had bruises and scratches on her arms which appeared to have been caused by the finger nails of some person. Some of the state's witnesses who were near the scene of the transaction testified that they heard prosecutrix scream. Touching the immediate transaction, prosecutrix testified as follows:

"I was washing at the creek and had on a big bonnet and had my head down washing when this man came to me and asked me did I want to make some money and grabbed me by the arm. That's the man there that did that. I recognized him as being the man that came there and grabbed me. When he grabbed me he asked me if I wanted to make some money. I hollered and jerked loose and ran. I don't know how long he had hold of me, I ran away. Yes, I screamed very loud. I did not hear

anybody answer me. I ran to the hill and met Mr. Sausares and the lady and told them the negro grabbed me by the arm. No, I did not see Wesley Pierce, this man here, any more. When I jerked loose from him I ran from the creek to the hill. No, that was not the direction of my home. I was going in the direction of where the people were working. I did not see the defendant any more that day. The marks he left on me have now faded. The marks he made on me were scratches."

When prosecutrix jerked away from appellant and fled he got on his horse and rode away.

We quote from Vinsen v. State, 277 S. W. 644, as follows:

"The authorities in this state are one way to the effect that in order to convict the defendant on a charge of assault to commit rape, the evidence should not only show an assault but that the defendant intended to gratify his passion on the person of the woman, and that he intended to do so at all events, notwithstanding any resistance on her part."

While the evidence was sufficient to support a conviction for an aggravated assault, the words and acts of appellant, measured by the rules of law, were insufficient to show that appellant intended to gratify his passion on the person of prosecutrix, and that he intended to do so at all events, notwithstanding any resistance on her part.

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.