ROOSEVELT WALKER v. THE STATE.

No. 12100. Delivered January 9, 1929.

The opinion states the case.

*L. Dillard Estes* of Commerce for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to rape; punishment fixed at confinement in the penitentiary for a period of not less than five nor more than fifteen years.

It is claimed that the assault was made on the 19th day of November, 1927. The indictment was filed March 15, 1928, and the trial took place on the 29th of that month.

According to the State's case, the prosecutrix, a woman with grown children, was, in the day time, cutting some rose sprouts in

a public cemetery where two men were engaged in work, when she was assaulted by a negro. According to her description, while she was stooping for a rose sprout, some one struck her upon the head with his hand. She arose from her stooping position and fought her assailant with the rose sprouts, cutting blood from his face, and also scratching him on the face. The blow on her head knocked her hat out of position, and he had hold of her coat and tore it on the sleeve and pocket. He did not take hold of her person but ran away from her while she was fighting him. She made no outcry, at least none was heard by either of the parties who were nearby. She reported the occurrence to one of the men who was working nearby but was laughing at the time and said that she had had a fight but seemed in no way concerned. She made no report of it to the officers but the persons in the cemetery did so.

The appellant was a negro, twenty-four years of age at the time of his trial. He had lived in the city of Greenville for some ten years and had worked at various places. He remained in the city after the occurrence. No suspicion was cast upon him until some months after the occurrence. The prosecutrix had never seen her assailant except at the time of the alleged assault. She claimed that in her fight with him she made one particular scratch upon his face. She was unable to give any description of the apparel worn by her assailant but testified that she identified him upon the trial by his color and by the scar of a scratch upon his face. A number of witnesses were introduced by the appellant to the effect that he was seen daily from the time of the occurrence until the trial and that he had no scratches or wounds upon his face about or after the time of the alleged offense. There was testimony that the first time the prosecutrix had seen the appellant after the alleged offense was when the grand jury was investigating the occurrence. There was also testimony that she then said that it was the "wrong nigger." This she denied. At the time of the alleged asasult her assailant spoke no words to her and made no demonstrations other than those described, namely, striking her on the head with his hand and holding to her coat until it was torn, thereafter fleeing when she struck him with the rose cuttings. Aside from the question of identity, the evidence, in our opinion, fails to show a specific intent to commit the offense of rape. Recent cases in point are Stoker v. State, 225 S. W. Rep. 444; Vinsen v. State, 102 Tex. Crim. Rep. 235; Pierce v. State, 5 S. W. (2d) 517; Hatcher v. State, 270 S. W. Rep. 1024.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*