JOE RUTKOWSKI v. THE STATE.

No. 20538. Delivered November 1, 1939.

The opinion states the case.

*Tom Smiley,* of Karnes City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to rape; the punishment, confinement in the penitentiary for five years.

Prosecutrix, Annie Kortz, was 24 years of age at the time of the alleged assault. She resided with her mother and father

near the home of the appellant. According to the testimony of her mother, prosecutrix was an invalid, and, due to a spinal affliction, was unable to walk. Appellant and the father of prosecutrix had apparently been friends, and frequently visited one another.

The father of prosecutrix testified that on April 9, 1939, appellant came to his home and requested him to go to town and buy him (appellant) some tobacco and beer. He complied with this request, and, upon his return home, he and appellant drank the beer. Again, at the request of the appellant, he made a second trip to town and bought three bottles of beer, which he brought to his home. During his absence on each of these occasions appellant was alone in the house with prosecutrix. After appellant returned to his (appellant's) home prosecutrix told the witness that appellant had mistreated her. His version of her statement concerning appellant's mistreatment of her was as follows: "My daughter told me while I went after the first beer over at the Palace when he saw me going off, he (appellant) come to my daughter and put his hands around her neck and felt of her breast and asked her if she wanted a baby and she said, 'I do not, papa been doing that to mama.' She told me that, and he put his hand under her dress and was feeling her and when I was coming back with the beer he saw me through the window. He put his hand under her dress and put his finger in her privates, and it hurt her, and when I come back he moved over to the same place he was when I left. She said he caught her hands and made her feel how hot he was, and wanted her to feel how hard it was, that was how hard his penis was. My daughter said she did not want to but he got her hand and made her feel it. She told me she tried to scratch him and protect herself. She told me that he told her when mama and papa was not going to be at home he was going to come back and see her again. My wife was not at home at the time; she was at her parents'; she came home right after Joe left in about fifteen or twenty minutes."

The mother of prosecutrix gave testimony substantially the same as that of the father. However, in her testimony she said that prosecutrix stated to her that appellant did not unbutton his pants at the time he placed his hands on her and fondled her person.

We quote from the testimony of prosecutrix: "On April 19th this year he (appellant) put his hands on me here (indicating the breasts) and put his hand under here under my

dress, and I told him I didn't want to do that and he put his finger in my privates and it sure did hurt when he did that, and he told me he was going to come and give me a dollar. He told me not to tell daddy and mama anything about it and he was going to come to see me sometimes when mama and daddy would not be here. I was afraid to tell my papa what Joe had done to me when he got back, because I was afraid they would fight in the house if I told my daddy; that there would be trouble and I was scared that he would get killed or something. Joe's pants were buttoned up. His pants were not unbuttoned."

Testifying in his own behalf, appellant admitted that he was at the home of prosecutrix on the occasion in question but denied that he had in any manner mistreated her.

In view of the fact that prosecutrix was more than 18 years of age and of sound mind, the rule applicable to assault with intent to rape by force is controlling in determining the sufficiency of the evidence. Under such rule, in order to be sufficient to sustain the conviction, the evidence must not only show an assault but that appellant intended to gratify his passion on the person of the prosecutrix, and that he intended to do so at all events, notwithstanding any resistance on her part. Pierce v. State, 5 S. W. (2d) 517; Vinsen v. State, 277 S. W. 644. Looking to the testimony of the State with the applicable rule in mind, we find that appellant did no more than indecently fondle the person of prosecutrix and solicit carnal favors. That he had the intention of gratifying his passion on her person at all events is negatived in the testimony of the prosecutrix to the effect that he stated to her that he would return to her home on some occasion when her father and mother were absent, for the purpose of carnally knowing her. In short, the testimony of the State militates against the conclusion that the appellant intended to ravish the prosecutrix at all events, notwithstanding any resistance on her part.

Believing that the evidence is insufficient to support the conviction, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.