GEORGE TRAMMELL V. STATE.

No. 24864. June 21, 1950.
Rehearing Denied October 11, 1950.

*Edward L. Dunlap,* Victoria, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to rape, and the jury assessed his punishment at two years' confinement in the penitentiary.

The sufficiency of the evidence to show a specific intent on the part of appellant to have carnal knowledge of the female named in the indictment is questioned.

The evidence, from the state's standpoint, shows that appellant, a married man and the father of a child, at about 10 o'clock at night, went to the home of Doyle Green, Chief Boatswain Mate of the U.S. Coast Guard, in the town of Port O'Connor, where he found Mrs. Green alone.

Mrs. Green, the alleged injured party, is shown to have been 31 years of age, and had been married to Chief Green some 12 years. She was more than five months advanced in pregnancy at the time, a girl baby having arrived prior to the trial.

Upon ascending the stairs leading to the upstairs entrance of the Green home, appellant knocked at the screen door. Mrs. Green, who had retired, upon awakening said, "Who is there and what do you want?" Appellant replied, "My name is Bell, and I want to use the telephone to call the doctor, my baby is sick." Mrs. Green put on her robe and upon going to the door and seeing appellant, a stranger she had never seen, clad in dungarees and shirtless, standing at the door said, "Mr. Bell I have never met you. Where do you live?" Appellant replied, "I live down the street and my baby is awfully sick."

Appellant was then admitted, and thereafter no word appears to have been spoken by him.

The telephone, located in the bedroom of the Green home, was owned by the Coast Guard and could be used only by calling through the Coast Guard Station.

After pointing out the telephone and while appellant stood at the door, it occurred to Mrs. Green that a stranger would not know how to use it. She then walked to the telephone saying, "I will call my husband and get permission, because he has to O.K. all calls."

Mrs. Green testified to the events immediately following as follows:

"He walked in right behind me and I started to ring the telephone and he slapped his hand across my mouth and threw me across the bed.

"I started to screaming and scratching his face and I got his lower lip and pulled his lip down. and he did not like that, and I got my feet as high as I could and pushed him off, kicked him as hard as I could. He was over me. He had one hand over my mouth and where the other one was ----. I kicked him off the bed then. When I kicked him I kicked him clear of me practically and I leaped off the bed. I was screaming all the time. Then I ran down the steps and I ran to Ortiz' house a block away, screaming all the while. Yes, Sir, I was screaming all the way."

Mrs. Green went to the home of George Ortiz on the night in question. Ortiz testified:

"She told me a man attacked her and she was crying; yes, sir, she was crying. She was hollering and running when I saw her; she was hollering and crying; doing everything. She was screaming. I heard that screaming about four or five times before she got down there."

Carlisle Bryan testified that on the following day he observed scratches on appellant's face.

Appellant was identified by Mrs. Green from a picture shown to her of a group, and thereafter search was made for him in the vicinity of his home in Seadrift, and his place of employment near Port O'Connor. He was arrested sometime thereafter in Arizona.

It was shown that appellant had not gone by the name of "Bell" on other occasions and that his correct name was George Trammell. It also appears that he did not reside in Port O'Connor and that his child was not ill on the occasion in question.

There is evidence in the record that appellant had been drinking, but Mrs. Green testified that he appeared to be sober.

Appellant did not testify. His wife testified that she was 19 years of age and was in good health.

It is contended here, as it appears to have been in argument of appellant's counsel before the jury, that no normal man would want to have sexual relations with a woman 5 1/2 months pregnant when he had a nice looking young wife, and that the evidence failed to show such intent.

The suggestion of the district attorney in reply to such argument, "Yes, Sir, but sex perverts do" is complained of in appellant's lone bill of exception.

Whether such be a correct conclusion or not, we are convinced that the jury was warranted under such evidence to find that appellant made an assault with the intent to rape, and that he failed to accomplish his purpose only by reason of the resistance offered by his intended victim.

It appears from the bill of exception that the trial court correctly construed the district attorney's argument to be in reply to the above argument of appellant's counsel. At any rate, the bill is deficient in that it fails to show that the argument complained of was not made in reply to, or invited by that of appellant's counsel. See Hall v. State, 153 Tex. Cr. R. 215, 219 S.W., 2d 475.

The evidence being deemed sufficient and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again insists that the proven facts herein fail to establish his guilt of an assault with intent to rape and cites us

to the case of Rutkowski v. State, 137 Tex. Cr. R. 541, 132 S.W. (2d) 880. There seems to be quite a difference in the facts delineated in such cited case and the present one. In that case there was nothing that intervened between the accused fondling the person of the complaining witness save the failure of accused to attempt to go further and attempt to penetrate the witness' private parts, but he merely failed to do aught further than fondle her and evidenced no intent to rape. In the present case, the lady bravely defended herself, and by scratching, fighting and kicking the appellant, she was able to frustrate his attempt to offer the violence to accomplish his purpose, which from his actions, the jury concluded was to rape her.

We are of the opinion that the complained of remark of the state's attorney, as alluded to in the original opinion, was in answer to a statement of appellant's attorney; and further, in view of the jury awarding the lowest penalty herein, we are not inclined to reverse this cause thereon. See 4 Tex. Jur., p. 595, sec. 417; also 42 Tex. Jur., p. 350, sec. 277.

The motion will be overruled.