MURRAY HILTON V. STATE.

No. 24974. November 15, 1950.
Rehearing Denied (Without Written Opinion)
January 17, 1951.

394

*Percy Foreman,* Houston, (on motion for rehearing only) for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty of the offense of assault with intent to murder with malice, under a count of the indictment charging such an assault by shooting a gun into a private residence. The jury assessed the punishment at 10 years in the penitentiary.

The injured party, Myrtle Payne, and appellant, though not married, had been living together. They separated, and Myrtle Payne went to live with her sister in an upstairs apartment.

Appellant came to the apartment at night, armed with a shotgun, which he testified he had for the purpose of threatening suicide if Myrtle refused to return to him. Myrtle was sleeping on a pallet. Lonnie Bess, the owner of the apartment, went to the door and told appellant that Myrtle did not care to see him. Appellant fired through the screen door, the shot striking Myrtle Payne in the region of the lower back and buttocks, as she lay on the pallet. Some of the shot were removed at the hospital and others were not removed because of their depth in the body.

Appellant testified that he fired into the floor, without any intent to hit anyone, and that he did not see Myrtle and did not know she was on the pallet on the floor.

Bess testified that appellant asked him if that was Myrtle laying on the pallet, and immediately fired when told that it was.

The court properly submitted the issues thus raised and the jury by their verdict decided against appellant's contention.

By this Bill of Exception No. 1, appellant complains that the court refused to submit the law of self-defense in his charge. The trial court in his qualification to this bill expresses the opinion that such issue was not raised by the evidence. We are in accord with the trial court's view, and find no error shown by this bill.

The remaining bill of exception complains of the argument of the district attorney wherein he said "within six months after he comes out of the penitentiary he commits this offense." This bill is insufficient to show reversible error.

It is not shown that the argument complained of was not provoked or invited by the argument of appellant's counsel. See Trammell v. State, 155 Tex. Cr. R. 173, 232, S.W. 2d 719.

Also appellant's objection was sustained by the court, the remark withdrawn by the district attorney, and the court instructed the jury that the evidence as to prior conviction was admitted solely on the question of the credibility of the witness.

The judgment is affirmed.

Opinion approved by the court.